**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4362**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERICK LEMAR POLLARD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00352-CCE-6)

Submitted:  February 19, 2026                    Decided:  February 23, 2026

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Eugene Ernest Lester III, LESTER LAW, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erick Lemar Pollard pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 40 grams or more of fentanyl, 50 grams or more of methamphetamine, and a quantity of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. The district court sentenced him to 180 months' imprisonment.

On appeal, Pollard's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Pollard's guilty plea was knowingly and voluntarily entered, and whether his sentence is reasonable. Although notified of his right to do so, Pollard has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by Pollard's waiver of the right to appeal included in the plea agreement. We dismiss in part, affirm in part, and remand with instructions to amend the written judgment.

Initially, Pollard's appeal waiver does not prevent him from raising a colorable challenge to the validity of his guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (analyzing validity of Fed. R. Crim. P. 11 hearing despite waiver). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Pollard did not move to withdraw his plea or otherwise object

2

during the plea hearing, we review the validity of his plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). Based on our review of the record, we conclude that Pollard's guilty plea was knowing, voluntary, and supported by an adequate factual basis. We therefore conclude that Pollard's guilty plea is valid.

Next, "we review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (citation modified). "An appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224 (citation modified). To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review of the record confirms that Pollard knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.

In accordance with *Anders*, we have reviewed the entire record in this case. The sentencing challenges raised by *Anders* counsel fall squarely within the valid waiver's scope, and we have found no meritorious grounds for appeal outside the waiver's scope. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm. However, we remand with

3

instructions to amend the written judgment to reflect that Pollard pled guilty to conspiring to distribute 40 grams or more of fentanyl, 50 grams or more of methamphetamine, and a quantity of cocaine hydrochloride.[*]

This court requires that counsel inform Pollard, in writing, of the right to petition the Supreme Court of the United States for further review. If Pollard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pollard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*AND REMANDED*

---

[*] Presently, the written judgment lists only two of the three charged objects of the conspiracy, fentanyl and methamphetamine.